UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EARL HAYES,

                Plaintiff,                9:11-cv-1271
                                                  (GLS/DEP)
           v.

HERB et al.,

                Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Earl Hayes
Pro Se
07-A-4800
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     LAURA A. SPRAGUE
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Earl Hayes, a New York State prison inmate,

commenced this action alleging deprivation of his civil rights pursuant to 42 U.S.C. § 1983 against defendants Brian Fischer, Kenneth Perlman, Correction Officer Herb, Sergeant Soto, and an unidentified John Doe defendant.[1] (Compl. at 1-2, 7, Dkt. No. 1.) Pending before the court are Hayes' motion to amend his complaint, (Dkt. No. 26), and Herb and Soto's motion for summary judgment, (Dkt. No. 30). On December 27, 2013, Magistrate Judge David E. Peebles issued a Report and Recommendation (R&R) recommending that the motion for summary judgment be granted because of Hayes' failure to exhaust his administrative remedies, that Hayes' IFP status remain intact, and that his motion to amend the complaint be denied as moot. (Dkt. No. 41 at 30.) Hayes filed objections to the R&R, which are also pending before the court. (Dkt. Nos. 43, 44.) For the following reasons, the R&R is adopted in its entirety.

## II. **Background**

Hayes is currently an inmate under the custody of the New York State Department of Corrections and Community Supervision (DOCCS). (Defs.' Statement of Material Facts (SMF) ¶ 1, Dkt. No. 30, Attach. 27.)

---

[1] Defendants Fischer and Perlman were dismissed from this action on January 23, 2012. (Dkt. No. 7.)

2

During the time relevant to this action, Hayes was confined in the Hale Creek Alcohol and Substance Abuse Treatment Correctional Annex (ASATCA). (*Id.* ¶ 2.) In or about October 2009, Hayes received notice that his merit time allowance had been granted. (Compl. at 5.) In January 2010, Hayes was approved for merit parole by the Parole Board with a release date of May 17, 2010. (*Id.*) In February 2010, Hayes filed a grievance against Herb for abuse of authority. (Defs.' SMF ¶ 12.)

On March 7, 2010, Hayes received a Tier II Misbehavior Report. (*Id.* ¶ 3.) On March 9, Hayes was found guilty after a Tier II Disciplinary Hearing, resulting in an order to serve twenty days "keeplock," removal from the Hale Creek ASATCA program, and transfer to the Marcy Correctional Facility Special Housing Unit (SHU). (*Id.* ¶¶ 4, 8; Compl. at 5.) During this disciplinary hearing, Hayes denied the allegations against him, but produced no witnesses or evidence on his behalf and testified that he did not intend to file a grievance against Herb for filing the misbehavior report. (Defs.' SMF ¶¶ 6, 7, 9; Dkt. No. 30, Attach. 12 at 19-20.) On March 10, Hayes' Merit Time Allowance was rescinded "because of [his] unsatisfactory program participation and removal from the Hale Creek ASATCA . . . program." (Compl. at 5.)

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

### IV. Discussion

Hayes' complaint alleges that the Tier II Misbehavior report was issued in retaliation for the grievance he filed against Herb in February 2010. (Compl. at 10.) Hayes claims that Soto and Herb conspired against him and Soto directed Herb to file a fabricated misbehavior report in order to forfeit Hayes' merit time release and to discourage him from filing future grievances. (*Id.*) Hayes also alleges that defendants conspired to deprive

4

him of his equal protection rights under the Fourteenth Amendment. (*Id.*)

In response, defendants assert that Hayes' claims should be dismissed because: (1) Hayes is precluded from litigating this case without payment of filing fees under the "three strikes" provision of 28 U.S.C. § 1915(g); and (2) Hayes failed to exhaust his administrative remedies. (Dkt. No. 30, Attach. 1 at 6-8, 8-11.)[2] In the R&R, Judge Peebles recommended that Hayes' IFP status remain intact because, out of the five strikes defendants allege against Hayes, (Dkt. No. 30, Attach. 1 at 7-8), only two constituted "strikes" under 28 U.S.C. § 1915(g). (Dkt. No. 41 at 21.) Additionally, Judge Peebles found that Hayes failed to exhaust his administrative remedies, declined to reach the merits of Hayes' claims, and recommended that defendants' motion for summary judgment be granted and Hayes' motion for leave to amend his complaint be denied as moot. (*Id.* at 21-30.)

Hayes subsequently filed timely objections. (Dkt. Nos. 43, 44.) Hayes' objections are general in part and specific in part. First, Hayes, for the first time, argues that letters he wrote to Superintendent Nichols and

---

[2] Defendants presented additional arguments in their motion that have not been reached by the court or Judge Peebles. (Dkt. No. 30, Attach. 1 at 12-16.)

Deputy Melecio should be treated as grievances. (Dkt. No. 43 at 7.) Also for the first time, Hayes has included copies of the letters. (*Id.* at 32-40.) This "objection," while specific, is insufficient to compel *de novo* review. As noted, these letters were not mentioned in Hayes' complaint, proposed amended complaint, or opposition to defendants' motion for summary judgment. (Compl.; Dkt. No. 26, Attach. 1; Dkt. No. 37.) "Generally, courts do not consider such 'new arguments' or 'new evidence' 'raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not,'" and this court declines to do so here. *Chalsani v. Daines*, No. 10-CV-1978, 2011 WL 4465408, at *1 (E.D.N.Y. Sept. 26, 2011) (quoting *Illis v. Artus*, No. 06-civ-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009)). Thus, Hayes' objection is without merit.[3] Accordingly, the R&R is adopted with respect to Hayes' failure to exhaust administrative remedies.

---

[3] Despite Hayes' failure to raise this argument in his proposed amended complaint or his response to defendants' summary judgment motion, the court has reviewed the letters and finds that, even construing them liberally, they are primarily concerned with the merits of Hayes' charged misbehavior and the subsequent disciplinary hearing, and do not establish that he is grieving potential retaliation by defendants. (Dkt. No. 43 at 32-40.) In fact, the letters indicate otherwise, as Hayes explicitly states in the letters that he "decided not to file a grievance" and told others that he "was not going to file a grievance." (*Id.* at 34.)

Second, Hayes generally objects to Judge Peebles' recommendation that Hayes' failure to exhaust his administrative remedies should not be excused due to his alleged lack of knowledge regarding the availability of the grievance process. (Dkt. No. 43 at 2-3.) This objection repeats arguments previously made by Hayes in response to defendants' motion. (Dkt. No. 37 at 2; Dkt. No. 17 at 2.) Having reviewed this recommendation for clear error, *see Almonte*, 2006 WL 149049, at *3-4, and finding none, this recommendation is adopted.

Finally, Hayes generally objects to the portion of the R&R that recommended denying his motion to amend. (Dkt. No. 43 at 15-16.) Judge Peebles concluded that Hayes' motion to amend the complaint should be denied as moot because Hayes failed to exhaust his administrative remedies. (Dkt. No. 41 at 30.) Hayes' proposed amended complaint, however, contains no additional explanation of his failure to exhaust his administrative remedies. (Dkt. No. 26, Attach. 1.) Thus, Hayes' motion to amend his complaint is properly denied.

As to the remainder of Hayes' objections, the court, having carefully reviewed the record, finds no clear error in the R&R and adopts it in its entirety.

7

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' December 27, 2013 Report and Recommendation (Dkt. No. 41) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 30) is **GRANTED**; and it is further

**ORDERED** that Hayes' motion for leave to amend (Dkt. No. 26) is **DENIED** as moot; and it is further

**ORDERED** that Hayes' complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 31, 2014
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court